IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FREELINC TECHNOLOGIES, INC., *et al.*, | § | Case No. 18-11254 (__) |
| | § | |
| DEBTORS.[1] | § | (Joint Administration Pending) |

---

# DECLARATION OF MICHAEL ABRAMS IN SUPPORT OF CHAPTER 11 PETITIONS AND FIRST DAY MOTIONS

I, Dr. Michael Abrams, hereby declare (the "Declaration"), pursuant to 28 U.S.C. 1746, as follows:

1. I have the authority to act on behalf of FreeLinc Technologies, Inc. ("FreeLinc Inc."), a corporation, and FreeLinc Technologies, LLC ("FreeLinc LLC" and collectively, with FreeLinc Inc., the "Debtors"), a limited liability company, both organized under the laws of the State of Delaware. I am authorized to submit this Declaration on behalf of the Debtors. As a result of my authority to act on behalf of the Debtors, my review of documents, my active role with the Debtors' operations, and my discussions with others, I am familiar with the Debtors' financial circumstances. Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, I could testify competently to such matters.

2. On the date hereof (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware. The Debtors intend to continue to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FreeLinc Technologies, Inc. (8250); and FreeLinc Technologies, LLC (4199). The location of the Debtors' service address is 266 Washington Street, Sherborn, MA 01771.

{01327062;v1 }    1

maintain possession of their property and to manage their business affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Due to the nature of FreeLinc Inc.'s business with its affiliate, FreeLinc LLC, which filed a chapter 11 voluntary petition contemporaneously with FreeLinc Inc., the Debtors are moving for a joint administration of the two chapter 11 cases ("Joint Administration Motion") as discussed in more detail below.

4. I am advised by counsel that this Court has jurisdiction over this chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334 and venue is properly in the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. §§ 1408 and 1409.

5. No request for appointment of a chapter 11 trustee or examiner has been made and, as of the date hereof, no official committee has been appointed.

6. I submit this Declaration in support of the Debtors' chapter 11 petitions and the Joint Administration Motion. Part I of this Declaration describes the Debtors' businesses and the circumstances surrounding the commencement of their chapter 11 cases. Part II of this Declaration sets forth the relevant facts in support of the Joint Administration Motion also filed concurrently herewith. Part III of the Declaration sets forth relevant facts in support of the *First Day Emergency Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing Debtor to Obtain Post-Petition Financing, (II) Scheduling a Final Hearing, And (III) Granting Certain Related Relief* (the "DIP Financing Motion") also filed concurrently herewith. Part IV of the Declaration sets forth relevant facts in support of the *First Day Motion for an Order Authorizing Freelinc Technologies, Inc. to Pay Prepetition Employee Wages and Related Items* (the "Employee Wages Motion") also filed concurrently herewith. Part V of the Declaration sets forth the relevant facts in support of the *Motion For Interim and Final Orders Pursuant to Sections 105(a), 345(b),*

*363(c)(1), 364, 503, and 507 of the Bankruptcy Code (I) Authorizing Continued Maintenance of Existing Bank Accounts; (II) Authorizing Continued Use of Existing Cash Management System; (III) Authorizing Continued Use of Existing Checks and Business Forms; (IV) Authorizing the Opening and Closing of Bank Accounts; and (V) Waiving the Requirements of Section 345(b) of the Bankruptcy Code* (the "Cash Management Motion"). Part VI of the Declaration sets forth the relevant facts in support of the Debtors' *Application for Retention of Claims and Noticing Agent* (the "Claims Agent Application"). Finally, Part VII summarizes the Debtors' objectives in these chapter 11 cases.

## PART I. BACKGROUND

7.    On the date hereof, (the "Petition Date"), the Debtors filed their voluntary petitions for relief under title 11 of the Bankruptcy Code (the "Bankruptcy Case"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no party has requested the appointment of a trustee or examiner in this Chapter 11 case, and no committee has been appointed under section 1102 of the Bankruptcy Code.

8.    This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334 and venue is properly in the United States Bankruptcy Court for the District of Delaware pursuant to 28 U.S.C. §§ 1408 and 1409.

9.    No request for appointment of a Chapter 11 trustee or examiner has been made and, as of the date hereof, no official committee has been appointed.

**Business Operations of FreeLinc Inc.**

10.    FreeLinc Inc. is a research and development company focused on the application and adoption of Near Field Magnetic Induction ("NFMI") as a new Wireless Personal Area

Networking ("WPAN") standard for public safety, military, healthcare, consumer electronics, and IoT markets.[2] NFMI offers powerful new capabilities to existing WPAN technology, and provides superior security, reliability, power-efficiency, and multipoint connectivity. FreeLinc Inc. holds over 40 patents and operates primarily as a technology licensor. It partners with industry leaders to develop products and applications to meet the needs of secure and reliable WPAN connections. Ensuring that its customers receive high quality products and WPAN connections is of the utmost importance for FreeLinc Inc.'s business operations.

11. FreeLinc Inc. is a Delaware corporation with headquarters located at 266 Washington Street, Sherborn, Massachusetts 01770. FreeLinc Inc.'s primary operations are located at 829 S 220 E, Orem, Utah 84057.

12. FreeLinc Inc. has six (6) employees at this time. Four (4) of the employees are full-time salaried, and two (2) are hourly employees. FreeLinc LLC has no employees.

13. As of the Petition Date, FreeLinc Inc. is owned by several shareholders. FreeLinc LLC is the majority shareholder of FreeLinc Inc. FreeLinc LLC was formed in November of 2013. FreeLinc Inc. was formed in April of 2014.

14. FreeLinc LLC's primary assets are intellectual property and patents.

---

[2] The current standard is Bluetooth technology; however, the Debtors have established in the marketplace that the NFMI technology is superior in quality and security to Bluetooth technology.

**The Debtors' Equity Security Holders**

15.     In the three years prior to the Petition Date, FreeLinc Inc. averaged approximately $200,000 per year in annual revenue.  FreeLinc Inc. projects that during its first 12 months of operations after exiting bankruptcy, its earnings before interest, taxes and amortization will be approximately $562,380.00.  The following year's projection is $4,945,700.00. Each subsequent year will also show substantial increases in revenue. These projections by FreeLinc Inc. are based on capturing a conservative section of a very large market of WPAN devices and technology. Furthermore, the United States Special Operations Command (SOCOM) has already committed $2.35 million toward non-recurring engineering costs to research, design, develop, and test new products or for product enhancement.[3]

16.     In order to fund the research and development of NFMI, the Debtors entered into Note Purchase Agreements (the "Notes") with 49 total lenders (the "Lenders")[4] from the years 2013 through 2017 for a total amount of $12,531,854.00 including interest accrued as of March 31, 2018.

17.     Both FreeLinc Inc. and FreeLinc LLC have entered into Notes with the Lenders. As consideration for the amounts loaned by the Lenders under the Notes, each Note would have a principal balance equal to the amount loaned and substantially all of the Notes are convertible into "conversion shares" of FreeLinc Inc.  As of this filing, the Debtors are in default on many of these Notes or they have matured on their terms.

---

[3] Details regarding this new project are confidential at this time.
[4] Some of the Lenders hold multiple Notes.

{01327062;v1 }                                                                            5

18. Some of the Notes include terms which purport to grant security interests in the Debtors' assets. However, as of the Petition Date, none of the security interests were perfected or recorded in any way.

19. As of the Petition Date, there are approximately 200 equity holders in FreeLinc Inc., who have invested money in return for shares of the corporation.

20. The Debtors also have outstanding operating debts totaling approximately $1.3 million.

21. The Debtors are also current on their taxes and insurance.

**Events Leading to the Chapter 11 Bankruptcy**

22. The Debtors are currently operating and have several customers to whom they sell their NFMI products. The Debtors no longer have the capital to continue operations and to continue payments to Lenders. This could result in their inability to pay the Lenders if the Lenders seek to enforce the terms of the Notes. As of the date of this Motion, no Lender has enforced its remedies under the Notes.

23. As described below, the Debtors have obtained a commitment for debtor-in-possession financing. Upon initiating the Chapter 11 proceedings, FreeLinc Inc. would be provided with $600,000 to continue operating, licensing, and selling its NFMI technology. FreeLinc Inc. has also negotiated a commitment for exit financing to enable the Debtors to emerge from the Chapter 11 proceedings pending the confirmation of a plan of reorganization and the successful restructuring of FreeLinc Inc.'s operations, as well as Court approval of the financing. *See* DIP Financing Motion.

24. If the Debtors are unable to initiate chapter 11 proceedings, then the Debtors believe that they will be unable to continue operations. If the Debtors are unable to continue operations,

the Lenders could initiate proceedings to collect on the defaulted Notes, which could ultimately result in a forced sale of their assets at a depressed value for stakeholders. The Debtors believe that their inability to continue operations, and a sale of their assets, is not in the best interest of their creditors or Lenders.

25. The Debtors seek to initiate the Bankruptcy Case in order to seek protection under the Bankruptcy Code while FreeLinc Inc. continues its operations. The Debtors believe that continuing operations of FreeLinc Inc. in the Bankruptcy Case will allow them to obtain debtor-in-possession financing and ultimately reorganize their business operations to become profitable and continue their research and development endeavors.

## PART II. JOINT ADMINISTRATION MOTION

26. Also contemporaneously herewith, the Debtors are filing the Joint Administration Motion and request that the Court enter an order granting the motion. In the Joint Administration Motion, the Debtors seek to jointly administer their bankruptcy cases. I am familiar with the relief requested in the Joint Administration Motion and attest to the truth of the facts set forth therein. Moreover, I believe that the relief sought therein is in the best interests of the estates because it will permit for a more efficient administration of these bankruptcy cases.

## PART III. DIP FINANCING MOTION

27. Also contemporaneously herewith, the Debtors are filing the DIP Financing Motion and request that the Court enter an order granting the motion. In the DIP Financing Motion, the Debtors seek to obtain immediate financing to continue their business operations during the chapter 11 case, to pay chapter 11 costs and expenses, and to fund any other obligations as provided in the DIP Financing Motion. I am familiar with the relief requested in the DIP Financing Motion and attest to the truth of the facts set forth therein. Moreover, I believe that the relief sought therein

is in the best interests of the estates because it will permit for the funding and continued business operations of the Debtors during these bankruptcy cases.

## PART IV. EMPLOYEE WAGES MOTION

28. Also contemporaneously herewith, the Debtors are filing the Employee Wages Motion and request that the Court enter an order granting the motion. In the Employee Wages Motion, the Debtors seek to pay its employees prepetition wages, salaries, and commissions, among other permitted payments, in order to continue business operations during the chapter 11 case. I am familiar with the relief requested in the Employee Wages Motion and attest to the truth of the facts set forth therein. Moreover, I believe that the relief sought therein is in the best interests of the estates because it will permit for the continued business operations of the Debtors during these bankruptcy cases.

## PART V. CASH MANAGEMENT MOTION

29. In addition, the Debtors are filing the Cash Management Motion and request that the Court enter an order granting the motion. In the Cash Management Motion, the Debtors seek to avoid the disruption, expense and delay to their businesses while continuing to use their existing cash management systems and bank accounts. I am familiar with the relief requested in the Cash Management Motion and attest to the truth of the facts set forth therein. Moreover, I believe that the relief sought therein is in the best interests of the estates because it will permit for the continued business operations of the Debtors during these bankruptcy cases.

## PART VI. RETENTION OF CLAIMS AND NOTICING AGENT

30. Further, via the Claims Agent Application, the Debtors are seeking to retain a claims and noticing agent to assist them in carrying out their duties under the Bankruptcy Code.

## PART VII. OBJECTIVES

31.     The Debtors intend to maximize the value of their respective assets for the benefit of all stakeholders.  The Debtors wish to continue their business operations in an effort to pay their debts.  The Debtors plan to continue their business operations through these bankruptcy cases.

*[Remainder of Page Intentionally Left Blank]*

I SWEAR UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWELDGE.

_____
Michael Abrams, on behalf of FreeLinc Technologies, Inc. and FreeLinc Technologies, LLC