# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| FREELINC TECHNOLOGIES, INC., *et al.*,[1] | Case No. 18-11254 (CSS) |
| Debtors. | (Jointly Administered) |

## STATUS REPORT OF THE CHAPTER 7 TRUSTEE

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (collectively, the "Debtors"), hereby files this status report in the above-captioned chapter 7 cases:

1. On May 24, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On June 27, 2018, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to Obtain Post-Petition Financing and (II) Granting Related Relief* [Dkt. No. 56] (the "Final DIP Order").[2] Pursuant to the Final DIP Order, the Debtors were authorized to borrow $600,000.00 from the DIP Lenders on a senior secured basis (the "DIP Facility").

3. On December 17, 2018, the Bankruptcy Court entered an Order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [Dkt. No. 214]. On December 18, 2018, David W. Carickhoff was appointed as the chapter 7 trustee for the Estates.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FreeLinc Technologies, Inc. (8250); and FreeLinc Technologies, LLC (4199).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order.

4. As of the conversion, all of the DIP Obligations (*i.e.* the full principal amount of the DIP Facility ($600,000.00) plus accrued interest) remained outstanding.

5. On July 19, 2019, the Bankruptcy Court entered a Sale Order approving a sale of substantially all of the Debtors' assets to Echo Holdings LLC for $180,000 (the "Sale Proceeds"). The sale has closed and the Trustee, on behalf of the Estates, has received the Sale Proceeds.

6. After the sale closed, the Trustee reached a global settlement with the DIP Lenders, which settlement was approved by the Bankruptcy Court [Dkt. No. 287]. By the settlement, the DIP Lenders agreed to release their liens and waive their superpriority administrative claims and any deficiency claim with respect to assets of the Estates, including the Sale Proceeds. In exchange, the DIP Lenders received the authority and standing to pursue the Estates' legal malpractice claims against the Debtors' prepetition counsel (the "Malpractice Claims"). The DIP Obligations, will be satisfied solely from the proceeds of the Malpractice Claims, if any.

7. The Trustee has assigned the Malpractice Claims to the DIP Lenders consistent with the Bankruptcy Court's Order approving the DIP Lender settlement. In addition, the Trustee has resolved a purported secured claim asserted by Thorpe, North & Western [Dkt. No. 280].

8. At this time, the Trustee is focusing his efforts on remaining wind-up tasks so that he can close these chapter 7 cases.

Dated: June 22, 2021

By: */s/ Alan M. Root*  
Alan M. Root (No. 5427)  
ARCHER & GREINER, P.C.  
300 Delaware Ave., Suite 1100  
Wilmington, DE 19801  
(302) 777-4350  
aroot@archerlaw.com  

*Counsel to David W. Carickhoff,*  
*Chapter 7 Trustee*

221441641v1